UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADELL WILLIS,

        Movant,

                                               File No. 1:06-CV-442

v.

                                               HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

                                       /

## **O P I N I O N**

This matter comes before the Court on Movant Adell Willis's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on June 21, 2005.

### I.

On June 10, 2005, while investigating a dog fight, police officers found Movant Willis in possession of a semiautomatic pistol and six "dime bags" of marijuana. He was arrested at that time and held on state charges of being a felon in possession of a firearm, and possession with intent to distribute a quantity of marijuana under 21 U.S.C. § 841(a)(1) and (b)(1)(D). At the time of his arrest, Movant was on parole for a state-court sentence imposed on December 6, 2001.[1]

---

[1] Subsequently, on July 4, 2004, a parole violation was filed in state court, on which decision was deferred until after entry of the sentence in federal court. In light of the federal

On October 26, 2004, the United States brought a two-count federal indictment on federal charges parallel to the state charges, alleging violations of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1) and (b)(1)(D). On March 21, 2005, Movant entered a plea of guilty in this Court to Count I of the indictment, being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). On June 21, 2005, he was sentenced to 84 months in prison, to run concurrently with a sentence on a state probation violation. The United States moved to dismissed the second count of the indictment, possession with an intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). Movant remained in custody from June 10, 2004 until he was sentenced on June 21, 2005. At the time of sentencing, Movant sought credit against his federal sentence for the time he had remained in state custody before sentencing, from June 10, 2004 through June 21, 2005. The Court imposed a sentence of 84 months to run concurrently with any sentence in the related state case. Further, while the Judgment did not reflect it, the Court ruled at sentencing that the time served since Movant's arrest on June 10, 2004 was to be credited against the 84-month term of sentence. Movant did not appeal his sentence.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the

---

prosecution, the remaining state-court claims ultimately were dismissed.

maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The procedural default rule does not apply, however, to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel generally are not reviewable on direct appeal, because the record may be inadequate to permit review. *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996).

3

Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995), *quoted in Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

The files and records in this case conclusively show that Movant is not entitled to relief pursuant to 28 U.S.C. § 2255. However, for the reasons that follow, Movant is entitled to relief under FED. R. CRIM. P. 36. An amended judgment shall issue correcting a clerical error in the Court's original judgment.

    A.    <u>U.S.S.G. § 5G1.3(c)</u>

The Supreme Court has recognized that the Attorney General, through the Bureau of Prisons (BOP), is authorized to decide whether to award sentencing credit for time served in state custody. *See United States v. Wilson*, 503 U.S. 329, 331 (1992) (citing 18 U.S.C. § 3621(a)). This Court may review the determination of the BOP denying an award of such credit only after the prisoner has exhausted his administrative remedies within the BOP. *See United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992); *accord McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993).

As the Government fully discusses, however, a sentencing court retains the independent authority to apply U.S.S.G. § 5G1.3(c) and grant a downward departure in certain circumstances:

> In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3(c). The application notes provide further description of the section's use:

> <u>Downward Departure</u>: Unlike subsection (b), subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment. However, in an extraordinary case involving an undischarged term of imprisonment under subsection (c), it may be appropriate for the court to downwardly depart. This may occur, for example, in a case in which the defendant has served a very substantial period of imprisonment of an undischarged term of imprisonment that resulted from conduct only partially within the relevant conduct for the instant offense. In such a case, a downward departure may be warranted to ensure that the combined punishment is not increased unduly by the fortuity and timing of separate prosecutions and sentencings. Nevertheless, it is intended that a departure pursuant to this application note result in a sentence that ensures a reasonable incremental punishment for the instant offense of conviction.
>
> To avoid confusion with the Bureau of Prisons' exclusive authority provided under 18 U.S.C. § 3585(b) to grant credit for time served under certain circumstances, the Commission recommends that any downward departure under this application note be clearly stated on the Judgment in a Criminal Case Order as a downward departure pursuant to § 5G1.3(c), rather than as credit for time served.

*Id.* cmt. n.3(E).

In the context of a motion under 28 U.S.C. § 2241, the Third Circuit has held that a court's intent to grant a departure under § 5G1.3(c) may be inferred from the circumstances and language of the judgment, notwithstanding a failure to invoke the Guidelines provision or to state the resulting number of months of sentence after deduction for the credited time. *See Rios v. Wiley*, 201 F.3d 257, 268 (3d Cir. 2000). The Sixth Circuit has held that, where a court has imposed a consecutive instead of a concurrent sentence, no intent to invoke § 5G1.3(c) may be inferred from the court's reference to credit for time spent awaiting state trial. *See United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001). Nevertheless, the

Sixth Circuit has recognized in an unpublished decision that a district court has authority to depart from the Guidelines under § 5G1.3(c) to recognize the amount of time served without running afoul of the BOP's exclusive authority under 18 U.S.C. § 3621(a). *See United States v. Newby*, 13 F. App'x 324, 326 (6th Cir. 2006).

In the instant case, the Judgment did not contain language indicating a departure under § 5G1.3(c). During sentencing, however, the Court stated as follows:

> I believe a reasonable sentence under the circumstances is 84 months in custody of the Federal Bureau of Prisons with credit for time given since . . . June 10th of '04.

(S. Tr. at 41-42.) This Court's unmistakable intention at the time of sentencing was to depart downward under U.S.S.G. § 5G1.3(c) and to award credit of 12 months, 11 days for the unusually long period of time during which Movant was incarcerated by the state pending the outcome of this proceeding. The Court's reference to the "reasonableness" of the sentence clearly invokes the language of U.S.S.G. § 5G1.3(c) and the commentary. It also reflected that the Court properly recognized its obligation after *United States v. Booker*, 543 U.S. 220 (2005), to determine an appropriate sentence under the full range of sentencing considerations set forth in 18 U.S.C. § 3553(a).

In sum, as the Government argues in its brief, the Court's statements on the record at sentencing reflected an intention to depart from the Guidelines sentence pursuant to U.S.S.G. § 5G1.3(c), an intention not fully captured in the language of the Judgment.

B.     Ineffective Assistance of Counsel

Movant seeks to challenge the Judgment in a motion to vacate sentence under § 2255. In his sole ground for § 2255 relief, Willis contends that counsel was ineffective in failing to ensure that the Court properly implemented a downward departure pursuant to the U.S.S.G. § 5G1.3(c). As a result counsel's ineffectiveness, he asserts, the Court's judgment imposing an 84-month sentence concurrent to Willis' state sentence did not accurately reflect the Court's statements at sentencing that Willis would be given credit for time served. (Pet. Br. at 1, 3; J. at 2; Sent. Tr. at 40.)

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed

at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if he was not prejudiced by counsel's error. *Id.* at 691. To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. To determine if the defendant was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not focus the analysis on the outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

When deciding a claim of ineffective assistance of counsel, a court "need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

With respect to the first prong of the standard, Movant fails to demonstrate that counsel's performance fell outside the range of reasonable professional assistance. In objections to the presentence report, defense counsel alerted the Court to the 12 months

9

Movant spent in state custody before imposition of his federal sentence and argued that the proposed Guidelines sentence would be excessive if it failed to account for the time served. During allocution, counsel again asked the Court to exercise its discretion to take into account the state sentence and to decline to issue a consecutive sentence. (S. Tr. at 37.) The Court unquestionably both understood the issue and took it into consideration, stating that Willis should be given credit for the time spent in state custody after June 10, 2004. (S. Tr. at 41-42.) Although defense counsel did not specify U.S.S.G. § 5G1.3(c) as the authority for this Court's discretion to grant a departure for the time spent in state custody, counsel repeatedly brought the issue to the Court's attention.

Further, counsel committed no error in failing to object to the form of the Judgment. As the Court previously has noted, significant case law holds that a court need not invoke § 5G1.3(g) to indicate its intent to depart, as long as the circumstances indicate the Court intended to apply the section. *See Rios*, 201 F.3d at 268. Although the commentary to the Guidelines section recommends that the Court designate its intent to grant a § 5G1.3(c) credit as a "downward departure," that recommendation is not a binding rule of interpretation. U.S.S.G. § 5G1.3(c) cmt. n.3(E). "[I]f there is a discrepancy between the oral pronouncement of a criminal sentence and the written judgment, the oral sentence generally controls." *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). *See also United States v. Carr*, 421 F.3d 425, 433 (6th Cir. 2005). As a result, the form of the Judgment, while potentially confusing, was not clearly wrong.

In addition, Movant is unable to meet the second prong of the *Strickland* test because he cannot show prejudice caused by his attorney's conduct. First, the Court remains free to conform its written Judgment to the intent at sentencing by way of FED. R. CRIM. P. 36. Alternatively, Petitioner may challenge the BOP's failure to exercise its separate authority under § 3621(a) by way of an action under 28 U.S.C. § 2241, following his exhaustion of administrative remedies in the BOP. *See Garrett v. Snyder*, 41 F. App'x 756, 757 (6th Cir. 2002)). If asked by the BOP during the course of administrative review, the Court could clarify its intent and resolve any ambiguity in the Judgment. *See Wooten v. O'Brien*, No. Civ. A. 01-CV-237HRW, 2006 WL 839240, at *2 (E.D. Ky. 2006).

As a result, Movant has failed to demonstrate that counsel rendered ineffective assistance or that, as the result of counsel's alleged errors, Movant has been prejudiced. The intent of the Court at sentencing controls the Judgment. That intent is apparent from the circumstances and the record at sentencing, even if not perfectly captured in the Judgment itself.

C.     FED. R. CRIM. P. 36

As previously discussed, the Court intended at sentencing to depart downward from the Guidelines under U.S.S.G. § 5G1.3(c) to permit credit against the 84-month sentence for the extraordinary amount of time Movant was held in state custody on the undischarged probation violation. The Court concluded at that time that, absent such departure, the punishment for the offense would be unduly increased by the fortuity and timing of the

separate proceedings. *See* U.S.S.G. § 5G1.3(c) cmt. n.3(E). The Court therefore concluded both that the federal sentence should run concurrent to Case Number 01-08711-FH, in the 17th Circuit Court, in Grand Rapids, Michigan, and that a downward departure was warranted for the time spent in state custody after June 10, 2004.

Those conclusions, however, were imperfectly recorded in the Judgment entered June 21, 2005. While the Judgment properly indicated that the sentence was to run concurrently with the state-court sentence, it did not accurately reflect the Court's judgment on the record at sentencing.

Under Rule 36 of the Federal Rules of Criminal Procedure,

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

FED. R. CRIM. P. 36. No further notice is required in the instant case, inasmuch as the Government itself extensively argued that the Court had discretion to correct the sentence under Rule 36.

The relief available under Rule 36 is confined to the correction of clerical errors, oversights, and omissions. *See United States v. Coleman*, No. 99-5715, 2000 WL 1182460, *2 (6th Cir. 2000) (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). The rule is not designed to correct omissions by the court itself at sentencing, but instead to correct errors and omissions in the recording of the court's sentencing determinations in the judgment. *See Carr*, 421 F.3d at 432-33.

Here, the Court clearly and unequivocally stated its intent to credit Movant with the time served in state custody from June 10, 2004 until June 21, 2005, the date of sentencing. That action by the Court was and could be nothing other than a declared intent to depart under U.S.S.G. § 5G1.3(c) and to impose a final sentence of approximately 72 months. Further, even had the Judgment merely repeated the words used at sentencing, established case law supports interpretation of the Judgment as a § 5G1.3(c) departure. *Rios*, 201 F.3d at 268. Accordingly, the Judgment's failure to capture the entirety of the Court's ruling is squarely within the meaning of Rule 36.

**IV.**

The files and records in this case conclusively show that the Movant is not entitled to relief under § 2255, because he fails to demonstrate the ineffective assistance of counsel. For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.

The Court, however, concludes that a corrected Judgment must be issued under FED. R. CRIM. P. 36 to comport with the intent of this Court at sentencing. An order consistent with this opinion will be entered and a corrected Judgment shall be entered.


Date:   September 22, 2006             /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE